**McGuireWoods LLP**
Philip A. Goldstein
pagoldstein@mcguirewoods.com
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100

Michael D. Mandel (*pro hac vice*)
mmandel@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067-1501
Telephone: (310) 315-8200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

| | |
|---|---|
| DANA BRANDES, STACY NIEMIEC, DAWN BRADFORD, CARRIE A. DUBOIS, CONNIE DONATELLA GORCZYA and LUCIANA LEONE, individually and on behalf of all others similarly situated, | : Case No: 16 CV 4754 (SJF)(AYS) : : **ANSWER TO FIRST AMENDED** : **CLASS AND COLLECTIVE** : **ACTION COMPLAINT** |
| Plaintiffs, | : |
| v. | : : |
| MERRILL LYNCH & CO., INC., et al., | : : |
| Defendants. | : : |

----------------------------------------------------------------- X

Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS") and Bank of America

Corporation ("BAC") (collectively, the "Defendants"), by and through their attorneys

McGuireWoods LLP, answer the First Amended Class and Collective Action Complaint (the

"Amended Complaint") filed by Plaintiffs Dana Brandes, Stacy Niemiec, Dawn Bradford, Carrie

A. Dubois, Connie Donatella Gorczyca and Luciana Leone (collectively, the "Plaintiffs"),

individually and purportedly on behalf of all those similarly situated, as follows:

## AS TO THE NATURE OF THE ACTION

1.      The allegations of Paragraph 1 contain a characterization of the Amended

Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the

extent that Paragraph 1 contains any allegations, Defendants deny each and every allegation contained therein.

2.      Defendants deny each and every allegation contained in Paragraph 2 of the Amended Complaint.

3.      Defendants deny each and every allegation contained in Paragraph 3 of the Amended Complaint.

4.      Answering Paragraph 4 of the Amended Complaint, Defendants admit only that Defendant BAC wholly owns MLPFS.  Defendants further aver that Merrill Lynch & Co., Inc. no longer exists; it merged into BAC on October 1, 2013, and BAC is the successor by merger. Defendants further state that the allegations in Paragraph 4 of the Amended Complaint as to the amount of assets are unbounded as to time.  Defendants are therefore without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis deny those allegations.  Except as expressly admitted in this paragraph, above, Defendants deny each and every remaining allegation in said Paragraph of the Amended Complaint.

5.      Answering Paragraph 5 of the Amended Complaint, Defendants admit that Defendant BAC is one of the largest bank companies in the United States.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 5 of the Amended Complaint.

6.      Answering Paragraph 6 of the Amended Complaint, Defendants admit that Defendant MLPFS employed Plaintiffs.  Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 6 of the Amended Complaint.

7.      Defendants deny each and every allegation contained in Paragraph 7 of the Amended Complaint.

8.      Defendants deny each and every allegation contained in Paragraph 8 of the

Amended Complaint.

9.      Defendants deny each and every allegation contained in Paragraph 9 of the Amended Complaint.

10.     The allegations of Paragraph 10 of the Amended Complaint contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent that Paragraph 10 contains any factual allegations, Defendants deny each and every such allegation contained therein, including, but not limited to, that Plaintiffs or any person they purport to represent are entitled to any relief from Defendants and that this matter can or should proceed as a collective or class action.

11.     The allegations of Paragraph 11 of the Amended Complaint contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent that Paragraph 11 contains any factual allegations, Defendants deny each and every such allegation contained therein, including, but not limited to, that Plaintiffs or any person they purport to represent are entitled to any relief from Defendants and that this matter can or should proceed as a collective or class action.

12.     The allegations of Paragraph 12 of the Amended Complaint contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent that Paragraph 12 contains any factual allegations, Defendants deny each and every such allegation contained therein, including, but not limited to, that Plaintiffs or any person they purport to represent are entitled to any relief from Defendants and that this matter can or should proceed as a collective or class action.

13.     The allegations of Paragraph 13 of the Amended Complaint contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent that Paragraph 13 contains any factual allegations,

Defendants deny each and every such allegation contained therein, including, but not limited to, that Plaintiffs or any person they purport to represent are entitled to any relief from Defendants and that this matter can or should proceed as a collective or class action.

14.     The allegations of Paragraph 14 of the Amended Complaint contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent that Paragraph 14 contains any factual allegations, Defendants deny each and every such allegation contained therein, including, but not limited to, that Plaintiffs or any person they purport to represent are entitled to any relief from Defendants and that this matter can or should proceed as a collective or class action.

15.     Answering the allegations of Paragraph 15 of the Amended Complaint, Defendants admit only that the parties entered into tolling agreements on or about June 22, 2016 and November 30, 2016 and refer to the tolling agreements for their content and meaning.  Except as expressly admitted in this paragraph, above, Defendants deny each and every remaining allegation in Paragraph 15 of the Amended Complaint.

**AS TO JURISDICTION AND VENUE**

16.     Paragraph 16 of the Amended Complaint sets forth legal contentions and conclusions that do not require a response.  To the extent a response is required, Defendants admit only that the Court has jurisdiction over the claims asserted.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint sets forth legal contentions and conclusions that do not require a response.  To the extent a response is required, Defendants admit only that the Court has jurisdiction over the claims asserted.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 17 of the Amended Complaint.

18.     Paragraph 18 of the Amended Complaint sets forth legal contentions and conclusions that do not require a response.  To the extent a response is required, Defendants admit only that the Court has jurisdiction over the claims asserted.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint sets forth legal contentions and conclusions that do not require a response.  To the extent a response is required, Defendants admit only that the Court has jurisdiction over the claims asserted.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 19 of the Amended Complaint.

20.     Answering Paragraph 20 of the Amended Complaint, Defendants generally and specifically deny the allegations contained therein, including without limitation that the Court is empowered to issue a declaratory judgment in this action and that such relief would be appropriate.

21.     Answering Paragraph 21 of the Amended Complaint, Defendants admit that Plaintiffs purport to base venue on the statutes and reasons cited therein.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 21 of the Amended Complaint, including, but not limited to, that venue is proper in the Eastern District of New York.

22.     Defendants admit the allegations contained in Paragraph 22 of the Amended Complaint.

## AS TO THE PARTIES

**Plaintiffs**

***As to Plaintiff Dana Brandes***

23.     Answering Paragraph 23 of the Amended Complaint, Defendants admit only that Plaintiff Brandes was employed by MLPFS at its Hewlett, New York office from approximately February 2011 to January 2013.  Defendants are without knowledge or information sufficient to allow them to admit or deny the allegations in Paragraph 23 concerning Plaintiff Brandes' current

residence.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 23 of the Amended Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny each and every allegation contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny each and every allegation contained in Paragraph 26 of the Amended Complaint.

27.     Defendants deny each and every allegation contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny each and every allegation contained in Paragraph 28 of the Amended Complaint.

29.     Defendants deny each and every allegation contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny each and every allegation contained in Paragraph 30 of the Amended Complaint.

31.     Defendants admit the allegations contained in Paragraph 31 of the Amended Complaint.

***As to Plaintiff Stacy Niemiec***

32.     Answering Paragraph 32 of the Amended Complaint, Defendants admit only that Plaintiff Niemiec was employed by MLPFS at its Bloomfield Hills, Michigan office from approximately April 2014 to April 2015.  Defendants are without knowledge sufficient to allow them to admit or deny the allegations in Paragraph 32 concerning Plaintiff Niemiec's current

- 6 -

residence and on that basis deny same. Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 32 of the Amended Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendants deny each and every allegation contained in Paragraph 34 of the Amended Complaint.

35. Defendants deny each and every allegation contained in Paragraph 35 of the Amended Complaint.

36. Defendants deny each and every allegation contained in Paragraph 36 of the Amended Complaint.

37. Defendants deny each and every allegation contained in Paragraph 37 of the Amended Complaint.

38. Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendants deny each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of the Amended Complaint.

***As to Plaintiff Dawn Bradford***

41. Answering Paragraph 41 of the Amended Complaint, Defendants admit only that Plaintiff Bradford was employed by MLPFS from approximately October 2008 to December 2013. Defendants are without knowledge or information sufficient to enable them to admit or deny the allegation about Plaintiff Bradford's current residence and on that basis deny same. Except as

expressly admitted, Defendants deny each and every allegation contained in Paragraph 41 of the Amended Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants deny each and every allegation contained in Paragraph 43 of the Amended Complaint.

44.     Defendants deny each and every allegation contained in Paragraph 44 of the Amended Complaint.

45.     Defendants deny each and every allegation contained in Paragraph 45 of the Amended Complaint.

46.     Defendants deny each and every allegation contained in Paragraph 46 of the Amended Complaint.

47.     Answering Paragraph 47 of the Amended Complaint, Defendants admit only that Plaintiff Bradford worked more than 40 hours during the week of September 9, 2013, and aver that she was paid all overtime to which she was entitled for such work.  Except as expressly admitted and/or averred, Defendants deny each and every allegation contained in Paragraph 47 of the Amended Complaint.

48.     Defendants deny each and every allegation contained in Paragraph 48 of the Amended Complaint.

49.     Defendants admit the allegations contained in Paragraph 49 of the Amended Complaint.

**As to Plaintiff Carrie A. Dubois**

50.     Answering Paragraph 50 of the Amended Complaint, Defendants admit only that Plaintiff Dubois was employed by MLPFS from approximately January 2011 to May 2015 in

Peoria, Illinois and from February 2016 to April 2016 in Schaumberg, Illinois. Defendants are without sufficient knowledge or information to form a belief as to the truth of remaining allegations contained in Paragraph 50 of the Amended Complaint, and on that basis deny same. Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 50 of the Amended Complaint.

51.     Defendants admit the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Defendants deny each and every allegation contained in Paragraph 52 of the Amended Complaint.

53.     Defendants deny each and every allegation contained in Paragraph 53 of the Amended Complaint.

54.     Defendants deny each and every allegation contained in Paragraph 54 of the Amended Complaint.

55.     Defendants deny each and every allegation contained in Paragraph 55 of the Amended Complaint.

56.     Defendants deny each and every allegation contained in Paragraph 56 of the Amended Complaint.

57.     Defendants deny each and every allegation contained in Paragraph 57 of the Amended Complaint.

58.     Defendants admit to the allegations contained in Paragraph 58 of the Amended Complaint.

***As to Plaintiff Connie Donatella Gorczyca***

59.     Answering Paragraph 59 of the Amended Complaint, Defendants admit only that Plaintiff Gorczyca was employed by Defendant MLPFS in Los Angeles from approximately

- 9 -

September 2012 to December 2013, and in Newport Beach, California from November 2014 to February 2016.  Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations concerning Plaintiff Gorczyca's current residence, and on that basis deny same.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 59 of the Amended Complaint.

60.     Defendants admit the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Defendants deny each and every allegation contained in Paragraph 61 of the Amended Complaint.

62.     Defendants deny each and every allegation contained in Paragraph 62 of the Amended Complaint.

63.     Defendants deny each and every allegation contained in Paragraph 63 of the Amended Complaint.

64.     Defendants deny each and every allegation contained in Paragraph 64 of the Amended Complaint.

65.     Defendants deny each and every allegation contained in Paragraph 65 of the Amended Complaint.

66.     Defendants deny each and every allegation contained in Paragraph 66 of the Amended Complaint.

67.     Defendants admit the allegations contained in Paragraph 67 of the Amended Complaint.

***As to Plaintiff Luciana Leone***

68.     Answering Paragraph 68 of the Amended Complaint, Defendants admit only that Plaintiff Leone was employed by Defendant MLPFS from approximately June 2014 to June 2015

in Cincinnati, Ohio.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Amended Complaint, and on that basis deny same.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 68 of the Amended Complaint.

69.     Defendants admit the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants deny each and every allegation contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny each and every allegation contained in Paragraph 71 of the Amended Complaint.

72.     Defendants deny each and every allegation contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny each and every allegation contained in Paragraph 72 of the Amended Complaint.

74.     Defendants deny each and every allegation contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny each and every allegation contained in Paragraph 75 of the Amended Complaint.

76.     Defendants admit the allegations in Paragraph 76 of the Amended Complaint.

**As to Defendants**

***As to Defendant Merrill Lynch & Co., Inc.***

77.     Answering Paragraph 77 of the Amended Complaint, Defendants admit only that Merrill Lynch & Co., Inc. was a Delaware corporation and had a place of business located in New York, New York.  Defendant avers that Merrill Lynch & Co., Inc. no longer exists, as it merged

into Defendant BAC on October 1, 2013, and BAC is the successor by merger.  Except as

expressly admitted, Defendants generally and specifically deny each and every remaining

allegation in said Paragraph.

**As to Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.**

78.     Answering Paragraph 78 of the Amended Complaint, Defendants admit only that

Defendant MLPFS is a Delaware corporation with a place of business located at 4 World Financial

Center, New York, New York 10080, and that Defendant BAC wholly-owns the MLC group of

companies which includes MLPFS.  Except as expressly admitted, Defendants generally and

specifically deny each and every remaining allegation in said Paragraph.

**As to Defendant Bank of America Corporation**

79.     Defendants admit the allegations in Paragraph 79 of the Amended Complaint.

80.     Answering Paragraph 80 of the Amended Complaint, Defendants admit only that

Defendant MLPFS employed Plaintiffs and similarly situated Client Associates, and directed and

controlled the terms of their employment.  Except as expressly admitted, Defendants generally and

specifically deny each and every remaining allegation in said Paragraph.

81.     Defendants deny each and every allegation contained in Paragraph 81 of the

Amended Complaint.

82.     Defendants deny each and every allegation contained in Paragraph 82 of the

Amended Complaint.

83.     Defendants admit the allegations contained in Paragraph 83 of the Amended

Complaint.

## AS TO COLLECTIVE ACTION ALLEGATIONS

84.     The allegations of Paragraph 84 contain a characterization of the Amended

Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the

extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

85.     Defendants deny each and every allegation contained in Paragraph 85 of the Amended Complaint.

86.     Defendants deny each and every allegation contained in Paragraph 86 of the Amended Complaint.

## AS TO CLASS ACTION ALLEGATIONS

*As to the New York Class*

87.     The allegations of Paragraph 87 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

88.     Answering Paragraph 88 of the Amended Complaint, Defendants state that it contains legal contentions, conclusions, and characterizations by Plaintiffs that do not require any admissions or denials by Defendants.  To the extent that Paragraph 88 contains any factual allegations, Defendants deny each and every allegation contained in said Paragraph.

89.     Defendants deny each and every allegation contained in Paragraph 89 of the Amended Complaint.

90.     Defendants deny each and every allegation contained in Paragraph 90 of the Amended Complaint.

91.     Answering Paragraph 91 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed more than 100 Client Associates in New York since July 6, 2010.

Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 91 of the Amended Complaint.

92.     Defendants deny each and every allegation contained in Paragraph 92 of the Amended Complaint.

93.     Defendants deny each and every allegation contained in Paragraph 93 of the Amended Complaint.

94.     Defendants deny each and every allegation contained in Paragraph 94 of the Amended Complaint.

95.     Defendants deny each and every allegation contained in Paragraph 95 of the Amended Complaint.

96.     The allegations of Paragraph 96 contain legal contentions, conclusions, and characterizations by Plaintiffs that do not require any admissions or denials by Defendants.  To the extent that Paragraph 96 contains any factual allegations, Defendants deny each and every allegation contained in said Paragraph.

97.     The allegations of Paragraph 97 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

98.     The allegations of Paragraph 98 contain legal contentions, conclusions, and characterizations by Plaintiffs that do not require any admissions or denials by Defendants.  To the extent that Paragraph 98 contains any factual allegations, Defendants deny each and every allegation contained in said Paragraph.

*As to the Illinois Class*

99.     The allegations of Paragraph 99 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

100.     Paragraph 100 contains legal contentions, conclusions, and characterizations by Plaintiffs that do not require any admissions or denials by Defendants.  To the extent that Paragraph 100 contains any factual allegations, Defendants deny each and every allegation contained in said Paragraph.

101.     Defendants deny each and every allegation contained in Paragraph 101 of the Amended Complaint.

102.     Defendants deny each and every allegation contained in Paragraph 102 of the Amended Complaint.

103.     Answering Paragraph 103 of the Amended Complaint, Defendants admit only that Defendant MLPFS has employed at least 100 Client associates in Illinois since July 6, 2013. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 103 of the Amended Complaint.

104.     Defendants deny each and every allegation contained in Paragraph 104 of the Amended Complaint.

105.     Defendants deny each and every allegation contained in Paragraph 105 of the Amended Complaint.

106.     Defendants deny each and every allegation contained in Paragraph 106 of the Amended Complaint.

107.    The allegations of Paragraph 107 contain legal contentions, conclusions, and characterizations by Plaintiffs that do not require any admissions or denials by Defendants.  To the extent that Paragraph 107 contains any factual allegations, Defendants deny each and every allegation contained in said Paragraph.

108.    Answering Paragraph 108 of the Amended Complaint, Defendants are without knowledge sufficient to allow them to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained in Paragraph 108 of the Amended Complaint.

109.    Defendants deny each and every allegation contained in Paragraph 109 of the Amended Complaint.

110.    Defendants deny each and every allegation contained in Paragraph 110 of the Amended Complaint.

*As to the California Class*

111.    The allegations of Paragraph 111 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

112.    The allegations of Paragraph 112 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph.

113.    Defendants deny each and every allegation contained in Paragraph 113 of the Amended Complaint.

114.     Defendants deny each and every allegation contained in Paragraph 114 of the Amended Complaint.

115.     Answering Paragraph 115 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed more than 100 Client Associates in California since July 6, 2012. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 115 of the Amended Complaint.

116.     Defendants deny each and every allegation contained in Paragraph 116 of the Amended Complaint.

117.     Defendants deny each and every allegation contained in Paragraph 117 of the Amended Complaint.

118.     Defendants deny each and every allegation contained in Paragraph 118 of the Amended Complaint.

119.     Answering Paragraph 119 of the Amended Complaint, Defendants are without knowledge sufficient to allow them to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained therein.

120.     Answering Paragraph 120 of the Amended Complaint, Defendants are without knowledge sufficient to allow them to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained in said Paragraph.

121.     Defendants deny each and every allegation contained in Paragraph 121 of the Amended Complaint.

122.     Defendants deny each and every allegation contained in Paragraph 122 of the Amended Complaint.

*As to the Ohio Class*

123.    The allegations of Paragraph 123 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

124.    The allegations of Paragraph 124 contain a characterization of the Amended Complaint by Plaintiffs that does not require any admissions or denials by Defendants.  To the extent a response is required, Defendants deny each and every allegation set forth in said Paragraph, including, but not limited to, that this case can or should proceed as a class or collective action.

125.    Defendants deny each and every allegation contained in Paragraph 125 of the Amended Complaint.

126.    Defendants deny each and every allegation contained in Paragraph 126 of the Amended Complaint.

127.    Answering Paragraph 127 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed at least 100 Client Associates in Ohio since July 6, 2014.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 127 of the Amended Complaint.

128.    Defendants deny each and every allegation contained in Paragraph 128 of the Amended Complaint.

129.    Defendants deny each and every allegation contained in Paragraph 129 of the Amended Complaint.

130. Defendants deny each and every allegation contained in Paragraph 130 of the Amended Complaint.

131. Answering Paragraph 131 of the Amended Complaint, Defendants are without knowledge sufficient to allow them to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained in Paragraph 131 of the Amended Complaint.

132. Answering Paragraph 132 of the Amended Complaint, Defendants are without knowledge sufficient to allow them to admit or deny the allegations contained therein, and on that basis deny each and every allegation contained in Paragraph 132 of the Amended Complaint.

133. Defendants deny each and every allegation contained in Paragraph 133 of the Amended Complaint.

134. Defendants deny each and every allegation contained in Paragraph 134 of the Amended Complaint.

## AS TO COMMON FACTUAL ALLEGATIONS

135. Defendants deny each and every allegation contained in Paragraph 135 of the Amended Complaint.

136. Defendants admit the allegations contained in Paragraph 136 of the Amended Complaint.

137. Defendants admit the allegations contained in Paragraph 137 of the Amended Complaint.

138. Answering the allegations contained in Paragraph 138 of the Amended Complaint, Defendants admit only that Client Associates are required by Defendant MLPFS to obtain required licenses and that their employment is subject to termination if they fail to do so.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 138 of the Amended Complaint.

139.    Defendants deny each and every allegation contained in Paragraph 139 of the Amended Complaint.

140.    Defendants deny each and every allegation contained in Paragraph 140 of the Amended Complaint.

141.    Defendants deny each and every allegation contained in Paragraph 141 of the Amended Complaint.

142.    Defendants deny each and every allegation contained in Paragraph 142 of the Amended Complaint.

143.    Defendants deny each and every allegation contained in Paragraph 143 of the Amended Complaint.

144.    Defendants deny each and every allegation contained in Paragraph 144 of the Amended Complaint.

145.    Answering Paragraph 145 of the Amended Complaint, Defendants admit that they are aware of the requirements of wage and hour laws, and aver that they have complied with such laws as to Plaintiffs and other Client Associates.  Except as expressly admitted and/or averred, Defendants deny each and every allegation contained in Paragraph 145 of the Amended Complaint.

146.    Defendants deny each and every allegation contained in Paragraph 146 of the Amended Complaint.

**AS TO THE FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought By Plaintiffs Individually and on Behalf of the Collective**

147.    Answering Paragraph 147 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 146 of the Amended Complaint, above.

148.     Answering Paragraph 148 of the Amended Complaint, Defendants state that the allegations set forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Plaintiffs and all allegedly similarly-situated employees have engaged in interstate commerce.  Defendants deny each and every remaining allegation in Paragraph 148 of the Amended Complaint.

149.     Answering Paragraph 149 of the Amended Complaint, Defendants state that the allegations set forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that the overtime wage provisions of the FLSA generally apply to Defendants, but Defendants deny that they have violated any such provisions with regard to Plaintiffs or any purportedly similarly-situated individuals.

150.     Answering Paragraph 150 of the Amended Complaint, Defendants state that the allegations set forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that they have engaged in interstate commerce.  Defendants deny each and every remaining allegation in Paragraph 150 of the Amended Complaint, including, but not limited to, the allegation that all Defendants employed Plaintiffs and all allegedly similarly situated employees.

151.     Answering Paragraph 151 of the Amended Complaint, Defendants state that the allegations set forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants deny each and every allegation contained therein.

152.     Defendants deny each and every allegation contained in Paragraph 152 of the Amended Complaint.

153.    Defendants deny each and every allegation contained in Paragraph 153 of the Amended Complaint.

154.    Defendants deny each and every allegation contained in Paragraph 154 of the Amended Complaint.

155.    Defendants deny each and every allegation contained in Paragraph 155 of the Amended Complaint, including without limitation that Plaintiffs and all allegedly similarly situated employees are entitled to any relief whatsoever.

**AS TO THE SECOND CAUSE OF ACTION**
**New York Labor Law: Unpaid Overtime Wages**
**(Brought on behalf of New York Plaintiffs and the New York Class)**

156.    Answering Paragraph 156 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 155 of the Amended Complaint, above.

157.    Defendants deny each and every allegation contained in Paragraph 157 of the Amended Complaint.

158.    Answering Paragraph 158 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the New York Plaintiff and similarly-situated Client Associates.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 158 of the Amended Complaint.

159.    Answering Paragraph 159 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the New York Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 159 of the Amended Complaint.

160.     Answering Paragraph 160 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed the New York Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 160 of the Amended Complaint.

161.     Defendants deny each and every allegation contained in Paragraph 161 of the Amended Complaint.

162.     Defendants deny each and every allegation contained in Paragraph 162 of the Amended Complaint.

163.      Defendants deny each and every allegation contained in Paragraph 163 of the Amended Complaint.

164.      Defendants deny each and every allegation contained in Paragraph 164 of the Amended Complaint.

165.     Defendants deny each and every allegation contained in Paragraph 165 of the Amended Complaint.

### AS TO THE THIRD CAUSE OF ACTION
**New York Labor Law: Wage Statements**
**Brought by the New York Plaintiff Individually and on Behalf of the New York Class**

166.     Answering Paragraph 166 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 165 of the Amended Complaint, above.

167.     Defendants deny each and every allegation contained in Paragraph 167 of the Amended Complaint.

168.     Defendants deny each and every allegation contained in Paragraph 168 of the Amended Complaint, and aver that they have not engaged in any of the unlawful conduct described in the Amended Complaint.

169.     Defendants deny each and every allegation contained in Paragraph 169 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

**AS TO THE FOURTH CAUSE OF ACTION**
**Illinois Wage Laws: Unpaid Overtime Wages**
**Brought by the Illinois Plaintiff Individually and on Behalf of the Illinois Class**

170.     Answering Paragraph 170 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 169 of the Amended Complaint, above.

171.     Defendants deny each and every allegation in Paragraph 171 of the Amended Complaint.

172.     Answering Paragraph 172 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the Illinois Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 172 of the Amended Complaint.

173.     Answering Paragraph 173 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the Illinois Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 173 of the Amended Complaint.

174.     Answering Paragraph 174 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed the Illinois Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 174 of the Amended Complaint.

175.     Defendants deny each and every allegation contained in Paragraph 175 of the Amended Complaint.

176.     Defendants deny each and every allegation contained in Paragraph 176 of the Amended Complaint.

177.     Defendants deny each and every allegation contained in Paragraph 177 of the Amended Complaint.

178.     Defendants deny each and every allegation contained in Paragraph 178 of the Amended Complaint.

179.     Defendants deny each and every allegation contained in Paragraph 179 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

### AS TO THE FIFTH CAUSE OF ACTION
**Unpaid Overtime Wages**
**California Wage Order No. 4-2001; California Labor Code §§ 510, 1194**
**Brought by the California Plaintiff Individually and on Behalf of the California Class**

180.     Answering Paragraph 180 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 179 of the Amended Complaint, above.

181.     Answering Paragraph 181 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants deny each and every allegation contained therein,

- 25 -

including that any Defendant failed to pay overtime owed to any Plaintiff or similarly-situated employee.

182.    Defendants admit the allegations of Paragraph 182 of the Amended Complaint.

183.    Defendants deny each and every allegation contained in Paragraph 183 of the Amended Complaint.

184.    Defendants deny each and every allegation contained in Paragraph 184 of the Amended Complaint.

185.    Defendants deny each and every allegation contained in Paragraph 185 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

**AS TO THE SIXTH CAUSE OF ACTION**
**Wage Payment Violations**
**California Labor Code §§ 201-03: Wage Payment Violations**
**Brought by the California Plaintiff Individually and on Behalf of the California Class**

186.    Answering Paragraph 186 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 185 of the Amended Complaint, above.

187.    Answering Paragraph 187 of the Amended Complaint, Defendants state that the allegations set forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 187 of the Amended Complaint.

188.    Defendants deny each and every allegation contained in Paragraph 188 of the Amended Complaint.

189.    Answering Paragraph 189 of the Amended Complaint, Defendants admit only that more than 30 days have passed since the California Plaintiff and some similarly-situated Client

Associates left the employ of Defendant MLPFS.  Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 189 of the Amended Complaint.

190.    Defendants deny each and every allegation contained in Paragraph 190 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

**AS TO THE SEVENTH CAUSE OF ACTION**
**Record-Keeping Violations**
**California Wage Order No. 4-2001; California Labor Code §§ 226, 1174, & 1174.5:**
**Brought by the California Plaintiff Individually and on Behalf of the California Class**

191.    Answering Paragraph 191 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 190 of the Amended Complaint, above.

192.    Defendants deny each and every allegation contained in Paragraph 192 of the Amended Complaint.

193.    Defendants deny each and every allegation contained in Paragraph 193 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

**AS TO THE EIGHTH CAUSE OF ACTION**
**(California Wage Order No. 4-2001;**
**California Labor Code §§ 218.5, 226.7, & 512: Meal and Rest Period Violations**
**(Brought on behalf of California Plaintiff and the California Class)**

194.    Answering Paragraph 194 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 193 of the Amended Complaint, above.

195.    Defendants deny each and every allegation contained in Paragraph 195 of the Amended Complaint.

196.    Defendants deny each and every allegation contained in Paragraph 196 of the Amended Complaint.

197.    Defendants deny each and every allegation contained in Paragraph 197 of the Amended Complaint.

198.    Defendants deny each and every allegation contained in Paragraph 198 of the Amended Complaint.

199.    Defendants deny each and every allegation contained in Paragraph 199 of the Amended Complaint.

200.    Answering Paragraph 200 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants deny each and every allegation contained therein, including that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

201.     Defendants deny each and every allegation contained in Paragraph 201 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

### AS TO THE NINTH CAUSE OF ACTION
**Ohio Wage Laws; Unpaid Overtime Wages**
**Brought by Ohio Plaintiff Individually and on Behalf of the Ohio Class**

202.    Answering Paragraph 202 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 201 of the Amended Complaint, above.

203.    Defendants deny each and every allegation contained in Paragraph 203 of the Amended Complaint.

204.     Answering Paragraph 204 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the Ohio Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 204 of the Amended Complaint.

205.     Answering Paragraph 205 of the Amended Complaint, Defendants state that it sets forth legal contentions, conclusions and characterizations that do not require a response.  To the extent a response is required, Defendants admit only that Defendant MLPFS employed the Ohio Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 205 of the Amended Complaint.

206.     Answering Paragraph 206 of the Amended Complaint, Defendants admit only that Defendant MLPFS employed the Ohio Plaintiff and similarly-situated Client Associates. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 206 of the Amended Complaint.

207.     Defendants deny each and every allegation contained in Paragraph 207 of the Amended Complaint.

208.     Defendants deny each and every allegation contained in Paragraph 208 of the Amended Complaint.

209.     Defendants deny each and every allegation contained in Paragraph 209 of the Amended Complaint.

210.     Defendants deny each and every allegation contained in Paragraph 210 of the Amended Complaint.

211.    Defendants deny each and every allegation contained in Paragraph 211 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

## AS TO THE TENTH CAUSE OF ACTION
**Ohio Wage Laws: Record-Keeping Violation**
**Brought by Ohio Plaintiff Individually and on Behalf of the Ohio Class**

212.    Answering Paragraph 212 of the Amended Complaint, Defendants incorporate herein by this reference as though set forth in full their answers to Paragraphs 1 through 211 of the Amended Complaint, above.

213.    Defendants deny each and every allegation contained in Paragraph 213 of the Amended Complaint.

214.    Defendants deny each and every allegation contained in Paragraph 214 of the Amended Complaint, including without limitation that Plaintiffs and any allegedly similarly-situated employees are entitled to any relief from Defendants whatsoever.

215.    Defendants deny each and every allegation in the paragraph with the heading "Prayer for Relief".  Defendants further deny that Plaintiffs and any allegedly similarly-situated employees are entitled to any of the relief requested in the paragraph with the heading "Prayer for Relief" or to any relief at all from Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants separately allege that each of the following affirmative or other defenses is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Defendants do not impliedly or otherwise undertake any burden of proof or production as to any of these defenses that the law does not otherwise impose:

## FIRST DEFENSE

The Amended Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

The Amended Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations.

## THIRD DEFENSE

Plaintiffs' claims and those of any purportedly similarly-situated individuals are barred because they did not suffer any injury as a result of a knowing and intentional failure by Defendants to comply with any applicable laws.

## FOURTH DEFENSE

Plaintiffs and any purportedly similarly-situated individuals failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

## FIFTH DEFENSE

The Amended Complaint and each and every purported cause of action alleged therein are barred by the doctrines of waiver, estoppel, laches, consent, and unclean hands.

## SIXTH DEFENSE

Plaintiffs' Amended Complaint and each and every purported claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, is barred because at all times relevant hereto, these answering Defendants did not require Plaintiffs or any purportedly similarly-situated individuals to work any hours without appropriate compensation or otherwise,

and Defendants otherwise did not know or have reason to know that Plaintiffs or any purportedly similarly-situated individuals worked any hours without appropriate compensation or otherwise.

### SEVENTH DEFENSE

Plaintiffs' Amended Complaint and each and every claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred in whole or in part by the doctrine of release by virtue of their acceptance of final payment of wages to them and their agreement that no other wages were owed.

### EIGHTH DEFENSE

Plaintiffs' Amended Complaint and each and every purported claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred based on one or more novations.

### NINTH DEFENSE

Defendants made complete and timely payments of all wages due and owing to Plaintiffs and all putative class members they purport to represent.

### TENTH DEFENSE

Any recovery on Plaintiffs' Amended Complaint, or any purported cause of action alleged therein, is barred because these answering Defendants' conduct was at all times privileged, undertaken in good faith and/or justified under applicable state and/or federal law, and for legitimate business reasons.

### ELEVENTH DEFENSE

Plaintiffs' Amended Complaint and each and every claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred because any losses are *de minimis* and cannot be recovered.

- 32 -

**TWELFTH DEFENSE**

Although these answering Defendants generally and specifically deny that they owe any amounts to Plaintiffs or any purportedly similarly-situated individuals, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

**THIRTEENTH DEFENSE**

Defendants at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor of the United States and/or other government agencies, and/or the administrative practices or enforcement policies of other government agencies.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for relief pursuant to the laws of any individual state are barred inasmuch as the state law claims are wholly preempted by federal law, including but not limited to the National Bank Act, 12 U.S.C. § 21.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and those of any purportedly similarly-situated individuals are barred, in whole or in part, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property, or have been made whole.

**SIXTEENTH DEFENSE**

These answering Defendants are entitled to a setoff for amounts Plaintiffs and any purportedly similarly-situated individuals owe for receipt of any wages, compensation, money and/or other benefits to which they were not entitled and/or did not earn.

### SEVENTEENTH DEFENSE

Plaintiffs' Amended Complaint and each and every purported claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred by one or more settlement agreements and/or releases.

### EIGHTEENTH DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted because the Amended Complaint and each and every purported claim alleged therein do not establish a plausible entitlement to relief and, as such, do not satisfy the pleading standards of Fed. R. Civ. P. 8 as set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

### NINETEENTH DEFENSE

Plaintiffs' Amended Complaint and each and every purported claim alleged therein cannot be maintained in this Court because the named Plaintiffs and/or any similarly-situated individuals Plaintiffs purport to represent, or some of them, are required to individually submit their claims to mandatory final and binding arbitration pursuant to arbitration agreements or obligations covering their purported claims.

### TWENTIETH DEFENSE

Without admitting the existence of any duties or obligations as alleged in the Amended Complaint, any such duties or obligations which Plaintiffs and any purportedly similarly-situated individuals claim are owed by these answering Defendants have been fully performed, satisfied, and/or discharged.

### TWENTY-FIRST DEFENSE

Defendant Bank of America Corporation is misjoined as a party to this action in that, at all times relevant to this action, it was not the employer of Plaintiffs and any purportedly similarly-

situated individuals.

### TWENTY-SECOND DEFENSE

If Plaintiffs and any purportedly similarly-situated individuals suffered any harm/damages (if any were in fact suffered, which is expressly denied), said harm/damages was proximately caused by their own acts.

### TWENTY-THIRD DEFENSE

Plaintiffs' Amended Complaint and each and every purported claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred based on one or more accords and satisfactions.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims and those of any purportedly similarly-situated individuals are barred and/or recovery is precluded, in whole or in part, because these answering Defendants' conduct was not willful.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims and those of any purportedly similarly-situated individuals are barred because Plaintiffs were not employed by all Defendants.

### TWENTY-SIXTH DEFENSE

Defendants reserve the right to assert that some or all of Plaintiffs' claims and the claims of the putative class members claims and/or their demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiff if the facts reveal this to be the case upon completion of discovery

### TWENTY-SEVENTH DEFENSE

The Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

## **TWENTY-EIGHTH DEFENSE**

Plaintiffs cannot satisfy the requirements for certification of a class under FRCP 23.

## **TWENTY-NINTH DEFENSE**

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated, affirmative or other defenses.  These answering Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies.

WHEREFORE, Defendants hereby pray for judgment in their favor as follows:

1.      That Plaintiffs take nothing by way of their action against Defendants;

2.      That the Court dismiss Plaintiffs' action in its entirety with prejudice;

3.      That the Court not certify any class of any type in any manner;

4.      That the putative class members Plaintiffs purport to represent take nothing;

5.      That the Court deny each and every demand and prayer for relief made in the action;

6.      For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

7.      For such other and further relief as the Court deems just and proper.

Dated:    February 15, 2017
          New York, New York

**MCGUIREWOODS LLP**

By:    /s/ Philip A. Goldstein
       Philip A. Goldstein
       *pagoldstein@mcguirewoods.com*
       McGuireWoods LLP
       1345 Avenue of the Americas, 7th Floor
       New York, New York 10156-0106
       (212) 548-2100

       Michael D. Mandel (*pro hac vice*)
       *mmandel@mcguirewoods.com*
       1800 Century Park East, 8th Floor
       Los Angeles, California 90067-1501
       Telephone: (310) 315-8200

       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that I have caused a true and correct copy of Defendants' Answer to the

First Amended Class and Collective Action Complaint to be served on Plaintiffs Dana Brandes,

Stacy Niemiec, Dawn Bradford, Carrie A. Dubois, Connie Donatella Gorczyca and Luciana

Leone via ECF and by depositing the same via United States Postal Service, first class mail,

postage prepaid to:

Outten & Golden LLP
Justin M. Swartz
Juno Turner
685 Third Avenue, 25th Floor
New York, New York 10017

Shavitz Law Group P.A.
Gregg I. Shavitz
Paolo C. Meireles
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432

Michael Palitz
830 3rd Avenue, 5th Floor
New York, NY 10022

Shulman Kessler LLP
Troy L. Kessler
Marijana Matura
534 Broadhollow Road, Suite 275
Melville, NY 11747

Dated:  New York, New York
        February 15, 2017

                                        /s/ Philip A. Goldstein
                                        Philip A. Goldstein

85610891_1

- 38 -